UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FRANKLIN J. COX,

    Petitioner,

        v.              CAUSE NO. 3:19-CV-669-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Franklin J. Cox, a prisoner without a lawyer, filed a habeas corpus petition challenging his disciplinary hearing in case WCC 18-12-356, where a Disciplinary Hearing Officer (DHO) found him guilty of battery in violation of Indiana Department of Correction (IDOC) policy A-102. (ECF 1 at 1.) Cox was sanctioned with the loss of 365 days earned credit time and a one-step demotion in credit class. (*Id*.) The Warden has filed the administrative record. Cox did not file a traverse and the time to do so has passed. *See* N.D. Ind. L. Cr. R. 47-2. Thus, this case is now fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). To satisfy due process, there must also be "some evidence" in

the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 454 (1985).

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

On December 28, 2018, Commanding Officer Roosevelt Smith wrote a conduct report charging Cox with violating offense A-102, which prohibits an inmate from "[k]nowingly or intentionally touching another person in a rude, insolent, or angry manner; or in a rude, insolent, or angry manner placing any bodily fluid or bodily waste on another person." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. *See* https://www.in.gov/idoc/files/02-04-101%20Appendix%

2

20I%206-4-2018.pdf. The conduct report states:

> On Friday, December 28, 2018 at approximately 3:40 pm, I Officer Smith, Roosevelt was called to a room on 9 Dorm to check on an offender who is known to have medical issues at times. When I approached the room, Offender Cox, Franklin #114766 - - 9N2 - 1U attempted to grab the ID that belong[s] to another Offender (Franklin, Jaquell #269716) which I had secured a short while ago. Offender Cox, Franklin #114766 then lunged at me and placed his right hand on my neck. At this point, I called "35" in order to Signal 8 ASAP to assist me as I felt this Offender was being an imminent threat to myself and others on the dorm.

(ECF 5-1 at 1.)

On January 4, 2019, Cox was notified of the charge when he was served with the conduct and screening reports. (ECF 5-1 at 1; 5-2 at 1.) He pled not guilty to the charge. (ECF 5-2 at 1.) Cox requested the assistance of a lay advocate and one was provided for him. (ECF 5-2 at 1; 5-3 at 1.) The screening officer noted that Cox requested a witness statement from Offender Franklin to show that Cox and Officer Smith were simply "horse playing." (ECF 5-2 at 1.) Offender Franklin provided the following written statement:

> I was standing outside the room when Officer Smith walked up into the room that Cox was in and Smith started wrestling with Cox, Smith who intiated [sic] the fight started to become serious when Cox began to stand his ground. Later after everyone walked away from the room Smith began to call on radio for help.

(ECF 5-8 at 1.) The screening officer also noted that Cox requested the prison's video evidence to show that, when he entered and exited the room on 9 Dorm, he was laughing. (ECF 5-2 at 1.) The hearing officer denied Cox's request for the video evidence and prepared the following written statement: "I conducted a video review of the above named incident. At 3:41 Officers can be seen cuffing Offender Cox. The video review

3

was inconclusive due to the fact that the camera cannot see in the room where the incident took place." (ECF 5-9 at 1.)

On January 31, 2019, the hearing officer held Cox's hearing. (ECF 5-7 at 1.) Cox pled not guilty and stated:

> This incident I was horse playing with the officer. He told everybody he was gonna whip my a\*\*. I know I shouldn't have but I made a mistake. I am an individual people look up to and respect. I am held to a higher standard. I know my actions have consequences. I'm respectful to everybody

(*Id*.) After considering the evidence, including the conduct report, staff reports, and the statement of the offender, the hearing officer found Cox guilty of violating offense A-102. (*Id*.) He was sanctioned with the loss of 365 days earned credit time and a one-step demotion in credit class. (*Id*.)

In his petition, Cox presents four grounds, which he claims entitles him to habeas corpus relief. In his first ground, Cox asserts that his due process rights were violated because he was denied the right to call multiple witnesses. (ECF 1 at 2.) He claims his request was denied because the testimony would have been repetitive, and he did not know what the witnesses would say at the hearing. (*Id*.) Inmates have a right to present relevant, exculpatory evidence in their defense. *Miller v. Duckworth*, 963 F.3d 1002, 1005 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). During his screening, Cox requested Offender Franklin's statement to show that Cox and Officer Smith were "horse playing." (ECF 5-2 at 1.) That statement was produced and considered by the hearing officer. (ECF 5-7 at 1;

4

5-8 at 1.) Because Cox's right to present evidence was satisfied, his due process rights were not violated.

Moreover, "[p}rison disciplinary officials need not permit the presentation of irrelevant or repetitive evidence in order to afford prisoners due process in disciplinary proceedings." *Scruggs v. Jordan*, 485 F.3d 934, 939-40 (7th Cir. 2007); *Piggie v. Cotton*, 342 F.3d 660, 678 (7th Cir. 2003) (a hearing officer may deny witness or evidence requests that are irrelevant, repetitive, or unnecessary). While there is no evidence in the record to suggest that Cox requested other witnesses to corroborate his version of the events, if he had done so, those statements would have been repetitive because he presented his defense to the hearing officer along with Offender Franklin's statement. (ECF 5-7 at 1; 5-8 at 1.) Accordingly, there is no due process violation when the statements would have been irrelevant, repetitive, or unnecessary. *Wolff*, 418 U.S. at 566 (prison officials have discretion to "keep the hearing within reasonable limits").

Furthermore, even if Cox was improperly denied a timely evidentiary request, he has not shown that the denial of this evidence resulted in actual prejudice rather than harmless error. *Jones v. Cross*, 637 F.3d 841, 846-47 (7th Cir. 2011). Here, Cox has not identified the witnesses who he wanted to request or what they would have said at the hearing. Thus, he has failed to show that additional witnesses would have provided new or exculpatory evidence. Because he has not shown that additional witnesses would have aided his defense or changed the outcome of the proceeding, Cox's first ground does not identify a basis for granting habeas corpus relief.

In his second ground, Cox asserts his due process rights were violated because he did not receive a copy of the hearing officer's findings. (ECF 1 at 2.) Due process requires that a factfinder provide a written statement of the evidence relied on and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 564-65. The written statement requirement is "not onerous," and to satisfy due process "[t]he statement need only illuminate the evidentiary basis and reasoning behind the decision." *Scruggs*, 485 F.3d at 941. In concluding that Cox was guilty, the hearing officer stated: "Conduct/ Incident Report clearly states the event. Offender admits to 'horse playing' with officer. Safety and security jeopardized as a result." (ECF 5-7 at 1.) The hearing officer also listed the evidence presented in this case and specifically noted that he relied on the conduct report, staff reports, and the offender's statement in finding Cox guilty. *Id*. Because the hearing officer identified the evidentiary basis and reasoning for his decision, his written statement satisfied the requirements of due process.

Furthermore, to the extent Cox claims that he did not receive a copy of the disciplinary hearing report, any such error would be harmless. Here, Cox filed a timely administrative appeal in which he raised a number of issues pertaining to the evidence and his lay advocate. (ECF 5-10 at 1.) Because he has not alleged that he was prejudiced by not receiving a copy of the report, his second ground does not identify a basis for granting habeas corpus relief.

In his third ground, Cox asserts he was denied a fair hearing because his lay advocate "did not know [his] rights and could not explain them to [him]." (ECF 1 at 2.) Here, Cox appears to be dissatisfied with his lay advocate because he was not helpful to

6

him. (*Id.*) A lay advocate is only required when the inmate is illiterate or the issues in a case are complex. *Wolff*, 418 U.S. at 570; *see also Miller v. Duckworth*, 963 F.2d 1002 (7th Cir. 1992). As reflected in his filings, Cox is not illiterate. He prepared an administrative appeal and petition, both of which contain cogent arguments and show he understands the nature of these proceedings. Neither was this a complex case. Cox understands the facts of what happened in this case and is capable of explaining why he does not believe he should have been found guilty. While Cox was not entitled to a lay advocate, one was provided to him. However, his displeasure with his lay advocate's performance does not amount to a due process violation. Therefore, Cox's third ground does not establish a basis for granting habeas corpus relief.

In his fourth ground, Cox argues there was insufficient evidence for the hearing officer to find him guilty. (ECF 1 at 3.) However, as a threshold matter he has not met the exhaustion requirement contained in 28 U.S.C. § 2254(b), as to this issue. In order to have exhausted his administrative remedies, Cox must have properly presented the issue at each administrative level. *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). Notwithstanding his failure to exhaust, the court may deny the claim on the merits. *See* 28 U.S.C. § 2254(b)(2) ("[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Turning to the merits, in assessing the sufficiency of the evidence, a conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. Officer Smith wrote a conduct report documenting that, on

7

December 28, 2018, at about 3:40 p.m., when he entered a room on the 9 Dorm, Cox forcibly attempted to grab an I.D. from him that belonged to Offender Franklin. (ECF 5-1 at 1.) In so doing, Cox lunged at Officer Smith and placed his right hand on Officer Smith's neck. (*Id*.) Officer Smith called a signal because he believed Cox was a threat to himself and others on the dorm. (*Id*.) In light of Officer Smith's conduct report, there was more than "some evidence" for the hearing officer to find Cox guilty of violating offense A-102.

Nevertheless, Cox argues that there was insufficient evidence to find him guilty because "[a]n assault never took place." (ECF 1 at 3.) However, Cox is improperly inviting the court to reweigh the evidence in this case. The court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence." *McPherson*, 188 F.3d at 786. Rather, it is the court's role to determine if the hearing officer's decision to revoke good time credits has some factual basis. *Id*. Because the hearing officer appropriately considered all of the evidence in this case, there was no violation of Cox's due process rights. *See Hill*, 472 U.S. at 457 (due process "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board"). Accordingly, because the hearing officer's finding of guilt was neither arbitrary nor unreasonable, his fourth ground does not identify a basis for granting habeas corpus relief.

If Cox wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F. 3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on

8

appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Franklin J. Cox's petition for writ of habeas corpus (ECF 1) is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on August 26, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT